T.C. Summary Opinion 2006-123


UNITED STATES TAX COURT


TOMMIE AND FELECIA VERNELL WILDER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14794-05S.                Filed August 1, 2006.


Tommie and Felecia Vernell Wilder, pro sese.

<u>Rebecca M. Clark</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,914 in petitioners' 2002 Federal income tax.  After a concession by respondent,[1] the issues for decision are:  (1) Whether petitioners are entitled to dependency exemption deductions for petitioner husband's son and daughter, and (2) whether respondent is estopped from disallowing the claimed dependency exemption deductions.

### Background

Some of the facts have been stipulated and are so found. Petitioners are married and resided in Westland, Michigan, at the time their petition was filed.  Unless otherwise indicated, all references to petitioner are to Tommie Wilder.

Petitioner and Sharon Williams have two children, their son BW and daughter TW (collectively, "the children").[2]  Petitioner and Ms. Williams were never married and did not live together in 2002.  The children lived with Ms. Williams during that year, although petitioner provided most of the children's support.

Petitioners claimed the children as dependents on their joint 2002 Federal income tax return.  Petitioners did not attach to their return a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, executed by Ms. Williams.

---

[1] Petitioners claimed dependency exemption deductions for four children. Respondent concedes petitioners are entitled to such deductions for two of the children.

[2] Petitioner's son is a minor.  Although the record is not entirely clear, it appears petitioner's daughter may also be a minor.  We therefore use only the children's initials.

In the notice of deficiency, respondent disallowed the claimed dependency exemption deductions.

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. We decide this case without regard to the burden of proof. Accordingly, we need not decide whether section 7491(a) applies in this case.

## Issue 1. Dependency Exemption Deductions

A taxpayer may be entitled to claim as a deduction an exemption amount for each of his dependents. Sec. 151(c). A child of the taxpayer is considered a dependent if the child has not attained the age of 19 at the close of the year and more than half the child's support for the year was received from the taxpayer. Secs. 151(c)(1)(B), 152(a)(1).

In the case of a child of parents who have lived apart at all times during the last 6 months of the calendar year, the support test is set forth in section 152(e). See sec. 152(e)(1)(A)(iii). If the child is in the custody of one or both of his parents for more than half of the calendar year and

receives more than half of his support during that year from his parents, such child shall be treated as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (the custodial parent).  Sec. 152(e)(1).

A custodial parent may release claim to the exemption pursuant to the provisions of section 152(e)(2), which provides:

>        SEC. 152(e). Support Test in Case of Child of
>     Divorced Parents, Etc.--
>
>          *     *     *     *     *     *     *
>
>          (2) Exception where custodial parent
>     releases claim to exemption for the year.--A child
>     * * * shall be treated as having received over
>     half of his support during a calendar year from
>     the noncustodial parent if—
>
>          (A) the custodial parent signs a
>          written declaration (in such manner
>          and form as the Secretary may by
>          regulations prescribe) that such
>          custodial parent will not claim such
>          child as a dependent for any taxable
>          year beginning in such calendar
>          year, and
>
>          (B) the noncustodial parent
>          attaches such written declaration to
>          the noncustodial parent's return for
>          the taxable year beginning during
>          such calendar year.
>
>     For purposes of this subsection, the term
>     "noncustodial parent" means the parent who is not
>     the custodial parent.

The support test set forth in section 152(e) applies even if the child's parents have never been married. <u>King v. Commissioner</u>, 121 T.C. 245, 248-252 (2003).

The temporary regulations promulgated with respect to section 152(e)(2) provide that a noncustodial parent may claim the exemption for a dependent child "only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year."[3] Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984); see also <u>Miller v. Commissioner</u>, 114 T.C. 184, 188-189 (2000), affd. on another ground sub nom. <u>Lovejoy v. Commissioner</u>, 293 F.3d 1208 (10th Cir. 2002). The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332. <u>Miller v. Commissioner</u>, <u>supra</u> at 189; <u>Brissett v. Commissioner</u>, T.C. Memo. 2003-310.

Form 8332 requires a taxpayer to furnish:  (1) The names of the children for which exemption claims were released; (2) the years for which the claims were released; (3) the signature of

---

[3] Temporary regulations are entitled to the same weight as final regulations. See <u>Peterson Marital Trust v. Commissioner</u>, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); <u>Truck & Equip. Corp. v. Commissioner</u>, 98 T.C. 141, 149 (1992).

the custodial parent confirming his or her consent; (4) the Social Security number of the custodial parent; (5) the date of the custodial parent's signature; and (6) the name and the Social Security number of the parent claiming the exemption.  Miller v. Commissioner, supra at 190.

Petitioner and Ms. Williams lived apart during the last 6 months of 2002.  We therefore apply the support test found in section 152(e).  See sec. 152(e)(1)(A)(iii).  Petitioner testified that the children lived with Ms. Williams during the year in issue.  Accordingly, Ms. Williams was the custodial parent, and petitioner was the noncustodial parent for purposes of section 152(e).  Petitioners are not entitled to the claimed dependency exemptions unless they complied with the provisions of section 152(e)(2) and the regulations thereunder by attaching to their return a written declaration or Form 8332 executed by Ms. Williams.  Petitioners did not attach such a declaration or Form 8332 to their return, and, as a result, they are not entitled to deduct dependency exemptions for BW and TW in 2002.

Issue 2.  Estoppel

Petitioner contends that sometime in the mid-1990s, he spoke to an Internal Revenue Service (IRS) employee about claiming BW and TW as dependents.  According to petitioner, the IRS employee indicated that the children qualified as petitioners' dependents for Federal income tax purposes.  Petitioner asserts that for the

taxable years 1996 through 2001, petitioners claimed--and respondent did not disallow--a dependency exemption deduction for each child.  Petitioner argues, on the basis of his alleged conversation with the IRS employee, that respondent is estopped from disallowing the claimed deductions.

Equitable estoppel is a judicial doctrine that precludes a party from denying his own acts or representations which induced another to act to his detriment.  Hofstetter v. Commissioner, 98 T.C. 695, 700 (1992).  It is well settled, however, that the Commissioner cannot be estopped from correcting a mistake of law, even where a taxpayer may have relied to his detriment on that mistake.  Norfolk S. Corp. v. Commissioner, 104 T.C. 13, 59-60 (1995), affd. 140 F.3d 240 (4th Cir. 1998).  An exception exists only in the rare case where a taxpayer can prove he or she would suffer an unconscionable injury because of that reliance.  Id.

The following conditions must be satisfied before equitable estoppel will be applied against the Government:  (1) A false representation or wrongful, misleading silence by the party against whom the opposing party seeks to invoke the doctrine; (2) an error in a statement of fact and not in an opinion or statement of law; (3) ignorance of the true facts; (4) reasonable reliance on the acts or statements of the one against whom estoppel is claimed; and (5) adverse effects of the acts or statements of the one against whom estoppel is claimed.  Id.

Even if we assume an IRS employee made the statement that petitioner described, respondent is not bound by that representation.  Petitioners have not shown that they would suffer unconscionable injury as a result of relying on the alleged statement.  In fact, it appears that from 1996 through 2001, petitioners may have received the benefit of deductions to which they were not entitled.  Furthermore, the IRS employee's error, if any, was in a statement of law.  Accordingly, respondent is not estopped from disallowing the claimed dependency exemption deductions.  Respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.